# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL SANTIAGO-CARRASQUILLO, et al | |
| Plaintiffs | |
| v. | Civil No. 06-1978(SEC) |
| COMMONWEALTH OF PUERTO RICO POLICE SUPERINTENDENT PEDRO TOLEDO, et al | |
| Defendants | |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss (Docket # 9), which stands unopposed. After reviewing the filings and the applicable law, the appearing Defendants' Motion to Dismiss will be **GRANTED**.

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting, Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). See also, Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

**Factual Background**

Plaintiffs are Michael Santiago-Carrasquillo (hereinafter Santiago) and his mother Iris Carrasquillo-Pacheco (hereinafter Carrasquillo). Santiago alleges that he was illegally

**Civil Case No. 06-1978(SEC)** 2

searched in a traffic stop, subjected to excessive force, and later illegally arrested and detained for seven hours, without probable cause, in violation of various amendments to the United States Constitution and of various sections of the Puerto Rico Constitution. Plaintiffs also allege that Defendants fired at Santiago's car without just reason and pursued him up to his mother's house, which Defendants searched without a search warrant, without probable cause and without Carrasquillo's consent. Defendants are various named and unnamed police officers of the Commonwealth of Puerto Rico, who are being sued in their official as well as their personal capacity.[1]

Defendants now move to dismiss Plaintiffs' claims pursuant to the Fifth and Eighth Amendments of the United States Constitution (hereinafter Fifth and Eighth Amendment respectively). Plaintiffs failed to oppose Defendants' motion, and, as such, it now stands unopposed. We address Defendants' arguments below.

*Plaintiffs' Eighth Amendment Claim*

Defendants argue that Plaintiffs' claim pursuant to the Eight Amendment must be dismissed because the allegations set forth in the complaint shows that Plaintiffs fail to state a claim thereunder. We agree. The United States Supreme Court (hereinafter Supreme Court) has stated that this amendment, applicable to the states through the Fourteenth Amendment, "prohibits the infliction of cruel and unusual punishments on **those convicted of crimes**." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991)(emphasis added); see also, Martínez-Rivera v. Sánchez-Ramos, 498 F. 3d 3, 8 (1st Cir. 2007). That is, the Eight Amendment only comes into play after there has been a formal adjudication of guilt, through a criminal prosecution, in accordance with due process of law. Martínez-Rivera, 498 F. 3d at 8 (stating that "because there had been no formal adjudication of guilt against [Plaintiffs] at the time of the alleged constitutional deprivation, the Eight Amendment is inapplicable and any claim brought on

---

[1] We do not include the names of the Defendants, nor the acts and omissions atributed to each because it is of no consequence to the motion pending before the Court.

**Civil Case No. 06-1978(SEC)**                                                                                      3

that theory was properly dismissed.")  The amendment also covers "deprivations that were not specifically part of the sentence but were suffered during imprisonment." Id. at 297. Furthermore, "only the "unnecessary and wanton infliction of pain implicates the Eight Amendment." Id.

Plaintiffs have not alleged that they were convicted and imprisoned, after a formal process of adjudication, and subjected to unnecessary and wanton infliction of pain as punishment. As such, they have failed to state a claim cognizable under the Eight Amendment. Even under the forgiving standard applicable to a Rule 12(b)(6) motion, Plaintiffs are still required to set forth facts that show a plausible entitlement to relief.  See, Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F 3d 92, 95 (1st Cir. 2007). Plaintiffs have not. Therefore, Plaintiffs' claims under the Eight Amendment are hereby **DISMISSED with prejudice.**

*Plaintiffs' Fifth Amendment Claims*

Defendants further move the Court to dismiss Plaintiffs' Fifth Amendment claims, also for failure to state a claim for which relief can be granted. The Fifth Amendment provides that "[n]o person shall... be deprived of life, liberty, or property, without due process of law..." U.S. Const. Amend. V; see also, Gerena v. Puerto Rico Legal Services, 697 F. 2d 447, 449 (1st Cir. 1983). However, this amendment applies to actions of the **federal government**, not those of private individuals, or of state, local or municipal governments. Id. at 449; see also, Martínez-Rivera, 498 F. 3d at 8 (affirming a *sua sponte* dismissal of Plaintiffs' claims under the Fifth Amendment because the police officers where state actors and not federal actors). Because Plaintiffs' complaint does not allege that any of the Defendants are federal actors, instead it avers that they acted under color of **state law** (see, Docket # 1 ¶ 17), their claims pursuant to the Fifth Amendment are hereby **DISMISSED with prejudice.**

The Court also notes that there is a Motion to Stay the case because Co-Plaintiff Santiago is an active member of the military now serving in Irak. See, Docket # 15. Plaintiff

**Civil Case No. 06-1978(SEC)** 4

opposed. See, Docket # 17. The Court will discuss the merits of Defendant's motion during the Case and Management Conference which is scheduled for 11/15/2007 at 3:00 p.m. The parties must come prepared to discuss their arguments regarding this motion.

### Conclusion

Defendants' Motion to Dismiss (Docket # 7), is hereby **GRANTED.** Plaintiffs' claims pursuant to the Fifth and Eight Amendments are hereby **DISMISSED with prejudice.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of November, 2007.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States Senior District Judge